```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ABRAHAM MIRMAN AND JADECO HOLDINGS,
LLC,

                       Plaintiffs,        MEMORANDUM AND ORDER
                                          10-CV-3000 (JS)(ARL)
        -against-

JOHN DAVID COMEAU, JOSEPH GOURLAY,
MAGDY WILLIAM GAYED,

                       Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Mitchell C. Sherlowitz, Esq.
                    Darya Dominova, Esq.
                    Shelowitz & Associates PLLC
                    450 7th Avenue, Suite 605
                    New York, NY 10123

For Defendants:     Gregory Bartko, Esq.
                    Law Office of Gregory Bartko, LLC
                    3399 Peachtree Road, Suite 400
                    Atlanta, GA 30326
```

SEYBERT, District Judge:

On June 30, 2010, Defendants removed this case from the New York Supreme Court, County of Suffolk. Pending before the Court is Plaintiffs' motion to remand. That motion is DENIED.

## DISCUSSION

Plaintiffs' motion is not predicated on any alleged subject matter jurisdiction defect. Instead, Plaintiffs argue that the Court must remand this action because Defendants' remand motion was not signed by an attorney admitted to the

Eastern District of New York.  Rather, it was signed by Gregory Bartko, an out-of-state attorney who did not move for admission pro hac vice until two days after he signed the removal notice. In addition, Magistrate Judge Arlene Lindsay denied this initial pro hac vice motion, with leave to renew, because Mr. Bartko included only a Certificate of Good Standing from Georgia, and not certificates from North Carolina or Michigan, where he is also admitted.[1]  Plaintiffs contend that Mr. Bartko's non-admittance to the Eastern District of New York renders Defendants' removal a nullity.  And Plaintiffs further argue that, because Defendants' time to file a proper removal notice has lapsed, this defect cannot be cured.

Plaintiffs are wrong.  "[T]he signing of the Notice of Removal by licensed attorneys who were not members of the bar of this Court [is] a curable defect."[2]  And here, this defect was cured when Magistrate Judge Lindsay granted Mr. Bartko's renewed pro hac vice motion.[3]

---

[1] See Docket No. 11.

[2] Greenwood v. Delphi Automotive Systems, Inc., 197 F.R.D. 597, 600 (S.D. Ohio 2000).

[3] See Electronic Order dated July 14, 2010; Greenwood, 197 F.R.D. at 600 (subsequent pro hac vice admission cures defect in removal); Issa v. Priority Transp., LLC, 05-CV-394, 2006 WL 304028, *2 (N.D. Ind. 2006) (excusing "procedural defects" in removal petition relating to pro hac vice admissions that were "insubstantial and not due to bad faith"); see also Ovalle v. Chertoff, 546 F. Supp. 2d 333, 335 n.2 (W.D.La. 2008)

Moreover, it is well-settled that, "to avoid penalizing parties harshly for the procedural errors of their attorneys," the Court should "overlook" minor deficiencies in the absence of prejudice to the other side.[4] Here, Plaintiffs, quite openly, seek to penalize Defendants by depriving them of their right to litigate in federal court. See Pl. Br. at 9 (arguing that defect cannot be cured because time to file a proper removal notice has lapsed). And they seek to do so despite suffering no prejudice from Mr. Bartko's procedural goof. Under such circumstances, granting Plaintiffs' remand motion would not serve the interests of justice.[5]

CONCLUSION

Plaintiffs' motion to remand [Docket No. 4] is DENIED. Plaintiffs have also moved for an extension of time to respond to Defendants' motion to dismiss [Docket No. 15]. That motion is GRANTED IN PART AND DENIED IN PART. Plaintiffs' time to respond is extended until July 30, 2010.

SO ORDERED.

---

(subsequent pro hac vice admission cured deficiencies in habeas corpus petition).

[4] Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F. Supp. 2d 448, 453 (S.D.N.Y. 2005).

[5] This Order excuses Mr. Bartko's error only to for the purposes of denying Plaintiffs' remand motion, to prevent prejudice to Defendants. The Court takes no position regarding whether Mr. Bartko himself should face any kind of sanction.

                                                                    _____/s/_____  
                                                                     Joanna Seybert, U.S.D.J.

Dated:      July 23, 2010  
             Central Islip, New York