```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ABRAHAM MIRMAN AND JADECO HOLDINGS,
LLC,

                Plaintiffs,            MEMORANDUM AND ORDER
                                       10-CV-3000 (JS)(ARL)
        -against-

JOHN DAVID COMEAU, JOSEPH GOURLAY,
MAGDY WILLIAM GAYED,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Mitchell C. Sherlowitz, Esq.
                    Darya Dominova, Esq.
                    Shelowitz & Associates PLLC
                    450 7th Avenue, Suite 605
                    New York, NY 10123

For Defendants:     Gregory Bartko, Esq.[1]
                    Law Office of Gregory Bartko, LLC
                    3399 Peachtree Road, Suite 400
                    Atlanta, GA 30326

                    John David Comeau, pro se
                    1866 Center Groton Rd.
                    Ledyard, CT 06339

                    Joseph Gourlay, pro se
                    20000 E. Country Club Dr., #410
                    Miami, FL 33180

                    Magdy William Gayed, pro se
                    5 N. Chukkar Ct.
                    Galloway, NJ 08205
```

---

[1] Mr. Bartko filed this motion to dismiss, but is no longer authorized to practice in the United States District Court for the Eastern District of New York. Each Defendant currently proceeds pro se.

SEYBERT, District Judge:

Pending before the Court is Defendants' motion to dismiss, arguing that Plaintiffs' claims are "barred by the well-recognized doctrines of res judicata or claims preclusion," due to pending action in the United States District Court for the Middle District of Florida ("Florida Action"). This motion is DENIED AS FRIVOLOUS. As just mentioned, the Florida Action is currently pending. There has been no final judgment, much less any judgment on the merits. And it is axiomatic that application of these doctrines requires "a final judgment on the merits" in the previous action. See Corbett v. MacDonald Moving Services, Inc., 124 F.3d 82, 87 (2d Cir. 1997).

That being said, although neither res judicata nor "claims preclusion" apply, the first filed rule very well might. The "first filed rule states that where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action unless there are special circumstances which justify giving priority to the second action." City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) (internal citations and quotations omitted). The first filed rule "permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits

2

are pending in federal courts." Kytel Intern. Group, Inc. v. Rent A Center, Inc., 43 Fed. Appx. 420, 422 (2d Cir. 2002) (unpublished); Verilux, Inc. v. Ottlite Technologies, Inc., 09-CV-0717, 2009 WL 2710222, at *2 (D. Conn. Aug. 20, 2009).

Here, every party to this action is a party to the Florida Action. And this case not only involves the same issues as the Florida Action, it directly stems from the Florida Action itself. Indeed, Plaintiffs' theory in this case derives from Defendants' alleged "breach" of a settlement agreement by, principally, commencing the Florida Action. See Compl. ¶¶ 21-23, 27. Not only that, but Plaintiffs have already sought functionally identical relief in the Florida Action, through the filing of a Counterclaim. Compare Compl. ¶¶ 24-38 with Docket No. 39-4 ¶¶ 100-114. Thus, from the Court's perspective, this case appears to fit squarely within the first filed rule.

The Court does not, however, wish to prejudice Plaintiffs by dismissing or transferring this action without their input. Consequently, the Court hereby ORDERS Plaintiffs to SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED OR TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA UNDER THE FIRST FILED RULE. Plaintiffs have twenty (20) days from the date of this Order to SHOW CAUSE. Defendants have no obligation to submit anything in connection to this Order. But, if they wish,

they may file a response to this Order, which, like Plaintiff's response, must be filed within twenty (20) days of this Order.

If Plaintiffs fail to show cause, the Court will <u>sua sponte</u> dismiss this case, without prejudice to the previously filed Florida Action.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   21  , 2011
         Central Islip, New York